### JOHN W. DEFORD v. GILBERT H. SHEPARD.
#### No. 196.

COMMISSION—*agreement for real-estate agent's, waived by afterwards negotiating new sale under different agreement for.*
Where an agent to sell land negotiated a sale which his principal refused to complete, and such agent probably became entitled to a certain commission, but made no demand for the same, and contined to act as agent for the sale of the land, and afterwards the land was sold through his agency and conveyed by his principal, under a new contract for commission, *held*, that the agent waived any right he may have had under the first sale, and is bound by his last agreement as to the amount of his commission.

Error from Franklin District Court.   Hon. A. W. Benson, Judge.   Opinion filed July 31, 1897.   *Affirmed*.

DEFORD v. SHEPARD.                    429

July 31, 1897.          Opinion.   Milton, J.          E. Div.

*John W. Deford* and *W. A. Deford*, for plaintiff in error.

*Alford & Savage*, for defendant in error.

MILTON, J.   This action was brought by Gilbert H. Shepard to recover two hundred dollars claimed to be due him from John W. Deford.   From a judgment against him in the sum of $199.25, Deford appeals.

The plaintiff in error negotiated a sale to Mary J. Chandler, of a quarter-section of land in Franklin County, for Gilbert H. Shepard, upon an agreement to accept one hundred dollars as his commission.   The agency to sell was created by correspondence between Harvey N. Shepard, a brother of the vendor, and the plaintiff in error, both the Shepards being nonresidents of the State of Kansas.   The evidence consisted almost entirely of letters written by Harvey N. Shepard to the plaintiff in error, and by the latter to said Shepard.   After the sale was completed, the plaintiff in error made a remittance of part of the cash he had received, accompanied by a statement showing that he claimed to be entitled to two hundred dollars for making a previous sale of this land, and two hundred dollars for the last sale, and $20.75 for other services in connection with the last sale, but that he retained only three hundred dollars, without prejudice to his right to claim the remainder at any time thereafter. His claim in brief, as stated in his answer, was that Shepard had agreed, prior to the first sale, that the commission should be ten per cent. if the land should be sold for two thousand dollars or more ; that he negotiated a sale for two thousand dollars, and Shepard declined to convey ; that afterwards, without revocation of the agency and with no change of agree-

ment as to commission, an offer of two thousand dollars was made by Mrs..Chandler and duly transmitted to Shepard's brother, who was acting for the owner of the land ; that the latter wrote that the offer would be accepted on condition that he should receive nineteen hundred dollars clear ; that while the plaintiff in error thereupon accepted this change of terms, the same was done without consideration, and he was entitled to recover two hundred dollars for negotiating the first sale which Shepard refused to complete, two hundred dollars for the last sale, and $20.75 for expenses and extra services.

It is difficult to see any merit in these claims. Under the evidence, the plaintiff in error might, perhaps, have recovered the ten per cent. commission which had been agreed upon for the first sale, if he had stood upon his rights. But he waived his claim thereto very effectually by continuing to act as agent for Shepard for the sale of the same land, without making any demand for his commission. Thereafter the land was conveyed through his agency for a consideration of two thousand dollars, upon an agreement that the vendor was to receive nineteen hundred dollars clear. This agreement was binding on vendor and agent alike, and the vendor was entitled to the agreed amount. The trial court, therefore, very properly rendered judgment in favor of Shepard.

It is claimed that the court erred in overruling objections made on the trial to certain portions of the deposition of Harvey N. Shepard. As this testimony related to the agency of the plaintiff in error at the time he negotiated what he calls the first sale, it need not be .considered, as we hold that no issue is presented concerning such sale.

The judgment of the trial court will be affirmed.